**Order entered December 4, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01154-CR
No. 05-13-01155-CR

**TOMMY EXIQUIO MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-51119-M, F10-51168-M**

## ORDER

After reviewing the clerk's records in these appeals, the Court has a question regarding the accuracy of the records. Specifically, in each case, the indictment alleges that the offense of burglary of a habitation occurred on or about January 13, 2010 and identifies the complaining witness as Jimmie Stephenson. Additionally, the judicial confessions in each case each identify Jimmie Stephenson as the complaining witness. The indictment in cause no. 05-13-01155-CR (trial court no. F10-51168-M) was filed on February 19, 2010. The police report, dated January 14, 2010, that follows the indictment in the clerk's record identifies the complaining witness by the name of Moreno. The police report has a handwritten notation of "10-51168-194."

The indictment in cause no. 05-13-01154-CR (trial court no. F10-51119-M) was filed on February 24, 2010. The police report, dated January 13, 2010, that follows this indictment identifies the complaining witness by the name of Stephenson. The police report has a handwritten notation of 10-51119-194.

The records do not contain an amended indictment in cause no. 05-13-01155-CR (trial court no. F10-51168-M) changing the name of the complaining witness, nor can the Court determine from the record whether there was any amendment to the indictment in this case. Moreover, the Court cannot determine from the record as a whole whether the two indictments allege two separate offenses on the same date involving the same complaining witness.

Accordingly, we **ORDER** the trial court to make findings regarding whether the clerk's record filed in cause no. 05-13-01155-CR (trial court no. F10-51168-M) contains all of the documents related to the case. The trial court shall specifically determine:

- Whether the indictment in trial court no. F10-51168-M was amended to change the name of the complaining witness. If the trial court determines the indictment was not amended, it shall make a finding to that effect.

- If the trial court determines the indictment was amended, the trial court shall next determine whether the record can be supplemented with the amended indictment. In this respect, the trial court shall follow the procedure set out in Texas Code of Criminal Procedure article 21.25.

- The trial court shall next determine whether the judicial confession and the papers related to appellant's guilty plea in trial court no. F10-51168-M are correct copies of the judicial confession admitted into evidence during the plea hearing. Specifically, the trial court shall determine whether there is a judicial confession that contains the same language as any amended indictment it has found.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeals to allow the trial court to comply with this order.  The appeals will be reinstated in thirty days or when the findings are received.


/s/     LANA MYERS
            JUSTICE